UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELVIN MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  1:23-cv-03728 (UNA) |
| | ) |
| DAVID STANLEY, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and dismisses the complaint for the reasons discussed below.

In 1981, plaintiff was tried, convicted, and sentenced in criminal proceedings before the Superior Court for the District of Columbia. *See* Compl. at 1. He now sues the Assistant U.S. Attorney for the District of Columbia who, presumably, prosecuted him, seeking $25 million in damages under 42 U.S.C. § 1983. *See id*. at 1–2. Plaintiff broadly contends that he was falsely convicted because of a conspiracy orchestrated against him by defendant, and that as a result, he has suffered "irreparable injury." *See id.*

Plaintiff, however, cannot demand damages arising out of these alleged violations, because such relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a

plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.  The parameters of *Heck* have also been expanded to reach § 1983's federal equivalent, the "*Bivens* claim."  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *see also Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam).

Here, if judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction."  *Heck*, 512 U.S. at 487.  Therefore, because plaintiff was found guilty and because there is no indication that the verdict has been set aside, he cannot recover damages for the actions of those who allegedly brought about his conviction.  *See Williams*, 74 F.3d at 1341.  Therefore, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process."  *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir.1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).  Defendant's alleged involvement in this case revolves his role in charging and prosecuting plaintiff.  Judicial and quasi-judicial activities clearly include the initiation of a prosecution and the presentation of the government's case.  *See id.*; *Expeditions Unlimited Aquatic Enter., Inc. v. Smithsonian Inst.,* 566 F.2d 289, 292 (D.C. Cir. 1977); *Imbler v. Pachtman*, 424 U.S. 409 (1976).  Thus, defendant is also immunized by prosecutorial immunity as it relates to plaintiff's instant claims.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

DATE: January 29, 2024                                         /s/ CHRISTOPHER R. COOPER
                                                                United States District Judge